Biro v Condé Nast (2019 NY Slip Op 02615)





Biro v Condé Nast


2019 NY Slip Op 02615


Decided on April 4, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 4, 2019

Sweeny, J.P., Manzanet-Daniels, Kern, Oing, Singh, JJ.


8890 154663/17

[*1]Peter Paul Biro, Plaintiff-Appellant,
v
Condé Nast, a division of Advance Magazine Publishers Inc., Defendant-Respondent.


Law Office of Richard A. Altman, New York (Richard A. Altman of counsel), for appellant.
Ballard Spahr LLP, New York (David A. Schulz of counsel), for respondent.



Order, Supreme Court, New York County (Kathryn E. Freed, J.), entered June 12, 2018, which, inter alia, granted defendant's motion to dismiss the complaint as barred by the statute of limitations, unanimously affirmed, without costs.
Contrary to plaintiff's contention, the email sent by defendant to New Yorker magazine subscribers in April 2017 containing a hyperlink to an article published in the magazine in July 2010 does not constitute republication of the article (see Martin v Daily News L.P., 121 AD3d 90, 103-104 [1st Dept 2014], lv denied 24 NY3d 908 [2014]). The article was unmodified and had been continuously archived on the same website since the printed version was first published. Moreover, it is not alleged that the 2017 email, which included the link to the article in controversy, contained any defamatory statements about plaintiff. A reference to an article that does not restate the defamatory material is not a republication of the material (see Klein v Biben, 296 NY 638 [1946]). This action is therefore barred by the one-year statute of limitations for defamation claims (CPLR 215[3]), which generally accrues on the date of the first publication (Gregoire v Putnam's Sons, 298 NY 119, 123 [1948]; see also Firth v State of New York, 98 NY2d 365, 370 [2002]).
In light of the foregoing, we do not reach plaintiff's remaining contentions.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 4, 2019
CLERK